UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RUDOLPH JOSEPH** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-50-WBV-KWR** |
| **MARLIN GUSMAN, ET AL.** | **SECTION "D"(4)** |

## ORDER

Before the Court is petitioner, Rudolph Joseph's, Appeal to Magistrate's Denial of Counsel and Traversal to Magistrate's Recommendation to Dismiss Habeas Corpus Petition.[1] The Court, having considered the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241,[2] the record, the applicable law, the Report and Recommendation of the Chief United States Magistrate Judge,[3] and Petitioner's Objections to the Report and Recommendation,[4] hereby approves the Report and Recommendation of the Chief United States Magistrate Judge and adopts it as its opinion in this matter.[5]

Additionally, Rule 11(a) of the Rules Governing 28 U.S.C. § 2254 proceedings provides that, "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A court may only issue a certificate of appealability if the petitioner makes "a substantial showing of the denial

---

[1] R. Doc. 18.
[2] R. Doc. 1.
[3] R. Doc. 17.
[4] R. Doc. 18.
[5] The Court recognizes that the Magistrate Judge referred to Petitioner as Mr. Johnson instead of Mr. Joseph several times in the Report and Recommendation. This Court is satisfied after a review of the record that this reference to an incorrect name is simply a mistake and that the entire matter relates only to Petitioner Rudolph Joseph.

of a constitutional right."[6] The "controlling standard" for a certificate of appealability requires the petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented [are] adequate to deserve encouragement to proceed further.[7] The Court finds that Rudolph Joseph's Petition fails to satisfy this standard. Accordingly, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Rudolph Joseph's Appeal to Magistrate's Denial of Counsel and Traversal to Magistrate's Recommendation to Dismiss Habeas Corpus Petition[8] is **DENIED.**

**IT IS FURTHER ORDERED** that Rudolph Joseph's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241[9] is **DISMISSED WITH PREJUDICE** to the extent that Petitioner seeks dismissal of his state court charges based upon speedy trial violations, as such relief is unavailable under § 2241. To the extent Petitioner seeks appropriate relief under § 2241 (a speedy trial), the Petition is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court review of the alleged speedy trial violations.

**IT IS FURTHER ORDERED** that the Court **DENIES** a certificate of appealability.

---

[6] 28 U.S.C. § 2253(c)(2).
[7] *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).
[8] R. Doc. 18.
[9] R. Doc. 1.

**IT IS FURTHER ORDERED** that Petitioner's appeal of the Chief Magistrate Judge's Order and Reasons denying Petitioner's Motion for Appointment of Counsel[10] is **DENIED.**

New Orleans, Louisiana, September 9, 2020.

                                                             _____
                                                             **WENDY B. VITTER**
                                                             **United States District Judge**

---

[10] R. Doc. 16.